EL PUEBLO, DEMANDANTE Y APELADO, *v.* CARRASQUILLO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por delito de acometimiento y agresión con circunstancias agravantes.

No. 760.—Resuelto en febrero 25, 1915.

DENUNCIA—JURAMENTO—PRESUNCIÓN.—El encabezamiento de la denuncia en este caso es el siguiente: "Juzgado de Paz de Gurabo," y aparece jurada ante "Francisco Carreras, Juez de Paz" *y se resolvió:* que mientras no se probara lo contrario la presunción es de que Francisco Carreras era el Juez de Paz de Gurabo.

CONOCIMIENTO JUDICIAL—JUECES DE PAZ.—Del nombramiento y firma oficial de un juez de paz puede tomarse conocimiento judicial, de acuerdo con el artículo 36, párrafo 5 de la Ley de Evidencia.

DENUNCIA—JURAMENTOS—FALTA DE OBJECIÓN.—No constando de la transcripción de autos que se formulara objeción a la denuncia en la corte de distrito o en la corte municipal por defectos en el juramento de la misma, debe considerarse que el acusado renunció a ello, no pudiendo promover por primera vez esta cuestión ante la Corte Suprema.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Salvador Mestre, Fiscal.*

Abogado del apelante: *Sr. Francisco González,* quién compareció por escrito.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El único error que ha sido alegado en esta apelación es el de que la Corte de Distrito de Humacao cometió error al juzgar al acusado sin que hubiese una denuncia jurada. La denuncia y su juramento al cual se ha hecho referencia, son los siguientes:

"El Pueblo de Puerto Rico vs. Emilio Carrasquillo.—Juzgado de Paz de Gurabo, P. R.

"Yo, Francisco Vélez Ortiz, P. I., No. 164, vecino de Gurabo, P. R., calle del Telégrafo No. 31, de 32 años, formulo denuncia contra Emilio Carrasquillo por delito de acometimiento y agresión grave, cometido de la manera siguiente: Que en junio 5 de 1914 hora 8 a. m., y en la calle de 'San José' de Gurabo, P. R., del Distrito Judicial del Juzgado de Paz de Gurado, P. R., que forma parte del Distrito Judicial Municipal de Caguas, P. R., y éste a su vez de la Corte del Distrito Judicial Insular de Humacao, P. R., el acusado arriba expresado, voluntaria, ilegal y maliciosamente, con intención de causar grave daño personal, acometió y agredió con una navaja barbera, al individuo José Manuel Aranga, dándole una herida de gravedad en la espalda, teniendo que ser asistido en la Sala de Socorros.—Y como este hecho es contrario a la ley para tal caso prevista y contra la paz y dignidad de El Pueblo de Puerto Rico, lo denuncio a la Corte para los fines de justicia.—(Firmado) Francisco Vélez Ortiz.—P. I. No. 164.—

"Jurada ante mí hoy_____de.._____.__191____. (Firmado) Francisco Carreras, Juez de Paz de_____."

Alega el apelante que el juramento es insuficiente por no constar el funcionario ante quien fué jurada la denuncia como tampoco la fecha y lugar en que se administró el juramento.

Tenemos duda de si es necesaria la fecha de una denuncia siempre que ésta haya sido en realidad jurada ante un funcionario competente. Este podría probar su fecha mediante prueba de otra procedencia (*aliunde*) si fuere necesario.

El encabezamiento de la denuncia es el siguiente: "Juzgado de Paz de Gurabo" y está suscrita por "Francisco

Carreras, Juez de Paz de  *  *  *.'' La presunción sería, mientras no se probara lo contrario, que Francisco Carreras era el juez de paz de Gurabo. Además, entendemos que podemos tomar conocimiento judicial. de que Francisco Carreras era juez de paz de Gurabo. El artículo 36, párrafo 5°., de la Ley de Evidencia, prescribe lo siguiente:

''Artículo 36.—Los Tribunales tomarán en consideración judicialmente los siguientes hechos:

''5.—La instauración, firmas y sellos oficiales de los principales. funcionarios del gobierno en los departamentos legislativo, ejecutivo y judicial de Puerto Rico y de los Estados Unidos.''

Estas consideraciones resolverían incidentalmente la cuestión referente a no haber sido jurada la denuncia ante un funcionario adecuado.

Pero se considerará que todas estas cuestiones han sido renunciadas por el apelante a no ser que sean alegadas por él en la corte de distrito. Tal vez él debió haberlas promovido en la corte municipal. De todos modos, no constando de los autos que se formulara ninguna objeción a la denuncia en la corte de distrito o en la municipal, debe declararse que el apelante ha renunciado a estos supuestos defectos. Este principio está sostenido por numerosas autoridades. *El Pueblo* v. *Aponte et al.,* 9 D. P. R., 383; *El Pueblo* v. *Rodríguez,* 12 D. P. R., 181; *El Pueblo* v. *García,* 18 D. P. R., 570. 12 Cyc., 296.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no formó parte del tribunal en la vista de este caso.